IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | |
|---|---|
| BB PRODUCTION CO., INC., | )<br>)<br>) |
| Plaintiff, | )   2:25-CV-00104-MJH<br>) |
| vs. | )<br>)<br>) |
| CENTURY SURETY COMPANY,<br>ESTATE OF STEVEN EASON, JR.,<br>DECEASED; AND SHANTEL PIZARO, | )<br>) |
| Defendants, | |

OPINION

Plaintiff, BB Production Co. Inc., filed the within declaratory judgment, breach of contract, and statutory bad faith action in the Allegheny County Court of Common Pleas against Defendants, Century Surety Company (CSC), Estate of Steven Eason, Jr., Deceased, and Shantel Pizaro. (ECF No. 1-1). CSC timely removed pursuant to 28 U.S.C. § 1441 asserting that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. (ECF No. 1). BB Production now moves to remand. (ECF No. 6).

Following consideration of BB Production's Complaint (ECF No. 1-1), CSC's Notice of Removal (ECF No. 1), BB Production's Motion for Remand (ECF No. 6), the respective replies and briefs (ECF Nos. 7, 10, 11, and 12), and for the following reasons, BB Production's Motion for Remand will be denied.

I.     Background

Shantel Pizaro, individually and in her capacity as the Administrator of her son, Steven Eason Jr.'s, estate, brought a wrongful death lawsuit against BB Production (underlying lawsuit). (ECF No. 1-1 at ¶¶ 7-10). Tragically, Steven Eason, Jr. was shot and killed during an altercation at BB Production's Haunted Hills Hayride attraction. *Id*. at ¶¶ 14-35. BB Production sought

coverage for the underlying lawsuit through its' insurance policy with CSC. *Id*. at ¶ 36. CSC declined coverage because the underlying lawsuit did not trigger an "occurrence" under the policy and was not covered due to the policy's "Assault and Battery Exclusion." *Id*. at ¶¶ 38-50.

On August 12, 2024, Ms. Pizaro and BB Production entered into a settlement agreement to resolve the underlying lawsuit. *Id*. at ¶ 62. Under the settlement agreement, Ms. Pizaro and BB Production "stipulated to a liability consent judgment, which if liquidated, would not be satisfied or executed against BB Production except with respect to insurance proceeds and any proceeds which may be recoverable in a bad faith action against [CSC]." *Id*. at ¶ 63. In addition, BB Production agreed to assign its rights to Ms. Pizaro to file claims of Insurance Bad Faith and Breach of Contract against CSC. *Id*. at ¶ 64.

In its Notice of Removal, CSC asserts that despite BB Production Co., Inc., being named the Plaintiff, the Complaint alleges that "[t]his suit is being brought by Shantel Pizaro, individually and as the Administrator of the Estate of Steven Eason, Jr., assignees of rights related to liability insurance of BB Production Co., Inc." (ECF No. 1 at ¶ 4). Further, CSC avers that, despite bringing suit as assignees of BB Production Co., Inc., Shantel Pizaro and the Estate of Steven Eason, Jr., name themselves as Defendants to the Complaint, yet names no causes of action agains them. *Id*. at ¶¶ 5-6. CSC asserts that, instead, all Counts of the Complaint are asserted against it and that the Estate of Steven Eason, Jr., and Ms. Pizaro have been improperly joined as defendants for the purpose of defeating diversity jurisdiction. *Id*. at ¶¶ 7-10. Therefore, CSC maintains that complete diversity of citizenship exists between CSC and Ms. Pizaro, individually and as Estate Administrator, assignees of BB Production's rights to any recovered insurance proceeds. *Id*. at ¶ 20.

II.  Relevant Standards

### A. Diversity Jurisdiction

Federal district courts have original jurisdiction of all civil actions "between ... citizens of different States." 28 U.S.C. § 1332(a)(1). Diversity must be complete. *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010). Thus, where a plaintiff and a defendant are citizens of the same state, the federal court does not have diversity jurisdiction. *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015)

### B. Removal and Remand

Under 28 U.S.C. § 1441, a defendant may remove an action brought in state court to federal district court when the claims fall within the federal court's original jurisdiction. *See* 28 U.S.C. § 1441(a). A plaintiff may challenge removal for lack of jurisdiction by moving to remand the matter to state court. *See id.* § 1447(c). Such motions may be filed at any time before final judgment is entered. *Id.* If the district court indeed lacks subject matter jurisdiction, it must remand to the state court from which the action was removed. *Id.* As the party asserting jurisdiction, defendants bear the burden of proving that the matter is properly before the federal court. *See Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007) (citations omitted); *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987) (same).

III.  Discussion

BB Production argues that the Court should remand the case to the Allegheny Court of Common Pleas because there is not complete diversity due to the mandatory application of Pennsylvania's Declaratory Judgment Act (DJA). Specifically, under the DJA, BB production contends that all parties with an interest in the outcome of the declaratory judgment action must

be joined to this litigation.  Thus, because BB Productions, the named plaintiff, and Ms. Pizaro, a named defendant, are Pennsylvania residents, diversity jurisdiction cannot be maintained.

CSC maintains that a proper alignment of the parties maintains diversity jurisdiction.  In short, CSC argues that because Ms. Pizaro and the Estate have a shared interest in the outcome with BB Production, they should have been aligned as plaintiffs in this case rather than defendants.  And if BB Production had done so, there would be no question that the properly-aligned Plaintiffs, BB Production, Ms. Pizaro, and the Estate, would be diverse from Defendant, CSC.  Alternatively, CSC contends Ms. Pizaro and the Estate have been fraudulently joined as Defendants.

In its reply, BB Production asserts that the Court should exercise its discretion under the Federal Declaratory Judgment Act and remand this case.  BB Production also maintains that realignment of the parties is improper because Ms. Pizaro and the Estate have adverse interests to BB Production.

Diversity jurisdiction cannot be based on the parties' own determination of who is a plaintiff and who is a defendant. *City of Indianapolis v. Chase Nat. Bank of City of New York*, 314 U.S. 63, 69 (1941).   Before determining jurisdiction, we must "look beyond the pleadings" to realign the parties according to their actual interests. *Id.*; *see also Dev. Fin. Corp. v. Alpha Housing & Health Care, Inc.*, 54 F.3d 156, 160 (3d Cir. 1995) (quoting *In re Texas E. Transmission Corp. PCB Contamination Ins. Coverage Litig.*, 15 F.3d 1230, 1241 (3d Cir. 1994)) (" '[W]here party designations have jurisdictional consequences,' we must align the parties before determining jurisdiction."). The Third Circuit applies the "principal purpose" or "primary issue" test to determine when realignment is necessary. *Angst v. Royal Maccabees Life Ins. Co.*, 77 F.3d 701, 704 (3d Cir. 1996). The court "must first identify the primary issue in

4

controversy and then determine whether there is a real dispute by opposing parties over that issue." *Id.* (quoting *Emps. Ins. of Wausau v. Crown Cork & Seal Co.*, 942 F.2d 862, 864 (3d Cir. 1991)).

Here, the parties do not question the presence of Ms. Pizaro and the Estate as parties to this case. The key here though is whether they are properly aligned as plaintiffs or defendants. Ms. Pizaro, the Estate, and BB Production are Pennsylvania residents. If they are properly aligned on opposing sides, as set forth in the Complaint, then the Court cannot maintain jurisdiction. However, if the Court realigns Ms. Pizaro and the Estate as plaintiffs, then the Court can maintain diversity jurisdiction.

Through its settlement with Ms. Pizaro and the Estate in the underlying action, BB Production has assigned its rights in this lawsuit to Ms. Pizaro and the Estate. By virtue of said assignment, Ms. Pizaro, the Estate, and BB Production all have an interest in a successful outcome against CSC in this case. In short, for purposes of this litigation, Ms. Pizaro and the Estate stand in BB Production's shoes. The Court cannot concur with Plaintiff's counsel's assertion that Ms. Pizaro, the Estate, and BB Production have adverse interests here. This assertion is belied by Plaintiff's counsel's representation of both BB Production in this case and Ms. Pizaro and the Estate in the underlying action. Indeed, if these parties had an adverse interest, Plaintiff's counsel would possibly run afoul of Rule of Professional Conduct 1.7. The Complaint makes clear that Ms. Pizaro and the Estate would not be defending the within declaratory judgment, breach of contract, and bad faith claims. Therefore, Ms. Pizaro and the Estate should be aligned as plaintiffs in this case for purposes of determining whether this Court has diversity jurisdiction. With said realignment, all Plaintiffs and the Defendant are citizens of different states which supports this Court's diversity jurisdiction.

Accordingly, Plaintiff's Motion for Remand will be denied. A separate order will follow.

DATED this 28th day of April, 2025.

          BY THE COURT:

          _____
          MARILYN J. HORAN
          United States District Judge